Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW OFFICE
1400 Coleman Avenue, Suite B23
Santa Clara, CA 95050
(408)213-7440
Fax: (610)423-1395
thomas@spielbauer.com
thomas.spielbauer@aol.com

Attorney for Plaintiff Lynne Rice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYNNE RICE,<br><br>                     Plaintiff.<br><br>v.s.<br><br><br>LEGAL SOLUTIONS CORPORATION, INC. AND R. JOHN YOUNGS,<br><br>                     Defendants. | No:<br><br>**COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** (15 U.S.C. §1692 et seq.) |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Lynne Rice against Defendants R. John Youngs and Legal Solutions Corporation, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here, have sued the plaintiff in Santa Clara County, and the conduct complained of occurred within the County of Santa Clara, State of California.

**PARTIES**

3. Plaintiff Lynne Rice (hereinafter referred to as RICE) at the times herein mentioned was and is a resident of Santa Clara County, California.

4. Plaintiff Lynne Rice has standing in this matter pursuant to 15 U.S.C. §1692a(3) and 15 U.S.C. §1692a(5).

5. Defendant Legal Solutions Corporation is a California fictitious business entity licensed and doing business in the State of California. Legal Solutions Corporation is a debt collector as defined by 15 U.S.C. §1692a(6).

6. Defendant R. John Youngs is the chief executive officer of Legal Solutions Corporation and its sole decision maker. Mr. Youngs is a resident of the State of California. R. John Youngs is a debt collector as defined by 15 U.S.C. §1692a(6).

7. Mr. Youngs' law practice consists well over 50% of purchasing and then collecting on debts. Legal Solutions Corporation is nothing more than an entity created to conceal his purchasing and then the collection actions of Mr. Youngs. Mr. Youngs and Legal Solutions constitute a single economic enterprise.

8. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

**FAIR DEBT COLLECTION PRACTICES ACT**

9. The FDCPA is a strict liability statute. Debt collectors are generally liable for violating the FDPA's requirements without regard to intent, knowledge, or wilfulness. Dishonored checks written for the purpose of consumer goods or entertainment fall within the purview of the FDCPA. Proof that a dishonored check was written on a personal checking account creates a presumption that the transaction was consumer

in nature. The standard in FDCPA claims is the "least sophisticated debtor."  This standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking, and the credulous.

10. The debt complained of in this complaint is a consumer debt as defined by 15 U.S.C §1692a(5) and was an obligation incurred by Kenneth Rice only which was a transaction primarily for personal and consumer purposes.

11. Pursuant to 15 U.S. Code § 1692n, the FDCPA preempts state law except in those instances were state law gives greater protections to the consumer debtor.

## ALTER EGO

12. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between defendant R. John Youngs and Legal Solutions Corporation such that any individuality and separateness between these two said defendants never existed or has ceased. Defendant Legal Solutions Corporation is the alter ego of defendant R. John Youngs.  Defendant R. John Youngs is the Chief Executive Officer of defendant Legal Solutions Corporation with his wife acting as an assistant.  Defendant R. John Youngs dictates on his own the decisions made by defendant Legal Solutions Corporation with his wife, Margaret MacDonald, dutifully rubber stamping all decisions.  Defendant R. John Youngs maintains complete control over the assets of defendant Legal Solutions Corporation.  Defendant R. John Youngs dominates the fictitious business of defendant Legal Solutions Corporation.

13. Plaintiff is further informed and believes, and alleges that defendant Legal Solutions Corporation is, and at all times mentioned was an instrumentality, and conduit through which defendant R. John Youngs carried on debt purchasing and collection activities in the corporate name, exercising complete control and dominance of such business to such an extent that any individuality or separateness of defendant Legal Solutions Corporation and R. John Youngs does not, and at all times mentioned did not, exist.

14. Adherence to the fiction of the separate existence of the defendant

corporation, Legal Solutions Corporation, as an entity distinct from defendant R. John Youngs would permit an abuse of the corporate privilege and would sanction fraud, as alleged herein, and promote injustice.

### JURY TRIAL DEMAND

15. Plaintiff requests a jury trial on all issues in this matter.

### FACTUAL ALLEGATIONS

16. On or about June and September 2005, Kenneth Rice passed four checks to the Peppermill Hotel and Casino in Reno, Nevada without sufficient funds. These four checks were drawn on Mr. Rice's personal checking account and the funds were used for consumer purposes.

17. Thereafter, on or about August 14, 2007, defendants sued the Plaintiff and Kenneth Rice for $39,500 plus damages. Defendants named Lynne Rice as a defendant even though she had nothing to do with the passing of these checks, had no knowledge of their passing, and was not present at the time they were issued.

18. There was no evidence of wrongdoing on the part of Lynne Rice at the time that the defendants filed their complaint in Santa Clara County Superior Court case 107cv092032 and then subsequently secured a default judgment, and then a renewal of that judgment. The fact of the matter is that Lynne Rice had nothing to do with the bad acts alleged against Kenneth Rice in the 2007 complaint. The allegations against Lynne Rice were and are baseless and fraudulent. Copies of these checks were not included in the 107cv092032 complaint and never provided to Plaintiff despite her requests to Defendants.

19. On or about October 22, 2007, defendants filed a request for entry of default and default judgment. Even though R. John Youngs is the CEO and alter ego of Legal Solutions Corporation (as well as its counsel), it was this same R. John Youngs who executed the proof of service of this request for entry of default. This request for entry of default, and the entry of default as well, was an is invalid due to the improper and unlawful service of this request by R. John Youngs on or about October 18, 2007. This

service violated California Code of Civil Procedure §1013(a).

20. Despite this fatal defect of service, a fact which was known by R. John Youngs who is an attorney licensed to practice law in the State of California (SBN 106694), defendants nonetheless obtained a default judgment in the amount of $54,459 on October 22, 2007. This entry of default, and consequent default judgment, is invalid due to the improper service by the defendants in this matter.

21. On or about December 28, 2015, Defendants filed papers with the Santa Clara County Superior Court to renew the default judgment they had obtained against the Plaintiffs in 2007. In renewing the judgment, the defendants converted $44,059 of interest into principal. This unlawfully raised the amount of the alleged judgment as principal from $54,459 to $98,547.

22. During the first several months of 2016, Plaintiff became aware of this judgment obtained by the defendants, and its renewal, when she attempted to refinance her home in order to payoff a first lien mortgage on the property. She became aware of this judgment which had become a lien on her home of 1457 Montelegre Drive in San Jose.

23. As a result, Plaintiff met with attorney Stanley Zlotoff, Esq. on or about March 1, 2016. Mr. Zlotoff is an attorney licensed to practice law in the State of California. Mr. Zlotoff is a bankruptcy specialist whose practice is limited exclusively to bankruptcy law. Mr. Zlotoff promptly communicated by letter on behalf of the Plaintiff and Kenneth Rice with R. John Youngs in an effort to resolve this matter and create a situation whereby the Plaintiff could refinance her home and avoid a possible bankruptcy filing.

24. Mr. Zlotoff wrote a letter to Mr. R. John Youngs on March 1, 2016. In that letter, Mr. Zlotoff explained that Plaintiff was attempting to refinance her home. Mr. Zlotoff attempted to settle the matter with the offer of an immediate payment of $20,000 with a balance to paid in six years so that the Plaintiff's children could graduate from their respective schools. He also advised that he was a certified

bankruptcy specialist who had represented Ms. Rice in a prior chapter 13 bankruptcy.

25. Mr. Youngs' response was to mail to the Lynne Rice and Mr. Zlotoff a document production request, doing so on or about March 9, 2016 by mail.

26. These document production requests were abusive, unfair, unconscionable, deceptive, and misleading. This document production request was served upon pro per defendants, who had sought consultation from Stanley Zlotoff for bankrutpcy purposes. These document production requests concealed the fact that a response to these requests were due within 30 days of service. The request demanded that the Plaintiff drive to the El Dorado County Law Library in Placerville, CA (over 150 miles away) to produce the documents, rather than setting a situs of production in Santa Clara County, where the Plaintiff resides and where the collections lawsuit had been brought. The El Dorado County Law Library is not a situs equipped to engage in discovery production and reproduction.

27. The document production further demanded the production of the Plaintiff's tax returns for the previous three years, returns which are privileged and protected from disclosure under California law.

28. The defendants have refused to produce any documents establishing that the claim for the four checks, and the subsequent judgment obtained, was assigned to the defendants by the Peppermill Casino in Reno, Nevada. Defendants have further refused to produce copies of the alleged checks upon which the judgment was obtained. In fact, the defendants have never provided copies of these checks to the Plaintiff.

29. Thereafter, on April 11, 2016, R. John Youngs communicated with Stanley Zlotoff via faxed letter expressing his displeasure and demanding compliance with his document production request the following week, demanding that the Plaintiff drive well over 150 miles to the El Dorado County Law Library for the document production. Mr. Youngs directly communicated with the Plaintiff by sending to her and Kenneth Rice at their home address a copy of his communication with Mr. Zlotoff.

30. On April 18, 2016, current counsel for Plaintiff Lynne Rice sent to Mr. Youngs responses to the document production request, and identified himself as counsel for the Plaintiff.

31. On April 20, 2016, Mr. Youngs sent a letter to both to Mr. Zlotoff and to current counsel for the Plaintiff complaining about the Plaintiff's discovery responses and making threats.

32. On July 11, 2016, Defendants filed a motion to compel discovery with the Santa Clara County Superior Court. Even though the defendants were aware that Plaintiff Lynne Rice by this time had counsel, the defendants nonetheless communicated with the Plaintiff by mailing to her at her home address the motion and all supporting documents in addition to serving their current counsel.

33. Thereafter, Defendants filed a reply to the Plaintiff's response to Defendants' motion to compel discovery. They filed their reply and supporting documents on or about August 4, 2016. Defendants, as they had done with the original motion and even though they knew the Plaintiff was presented by counsel, nonetheless directly communicated with the Plaintiff by mailing to her at her home address the reply and all supporting documents in addition to serving her current counsel. Defendants also mailed these documents to Stanley Zlotoff, Esq..

34. On August 19, 2016, the Defendants again communicated with the Plaintiff personally even though they knew the Plaintiff was represented by counsel. Defendants wrote a letter to counsel for the Plaintiff but also mailed a copy of this letter and accompanying documents to the Plaintiff. Defendants also sent a copy to Mr. Zlotoff. In that letter, defendants repeated the previously issued threats.

**FIRST CAUSE OF ACTION**

15 U.S.C. §1692c(a)(2)

35. Plaintiff repeats and realleges and incorporates by reference to each of the foregoing paragraphs of this complaint.

36. Defendants violated 15 U.S.C. §1692c(a)(2) by communicating directly with

the Plaintiff concerning their actions to collect on the debt. At the time that the Defendants did this, they knew and had actual knowledge that the Plaintiff was represented by counsel during their attempts to collect on this alleged indebtedness. Additionally, the Defendants were fully aware of the name and contact information of the Plaintiff's counsel.  Defendants specifically did this on April 20, 2016, July 11, 2016, August 4, 2016, and again on August 19, 2016, as set forth supra.

37. In doing this, defendants violated California State Bar Rule 2-100 of Professional Conduct.  That Rule states, "While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

## SECOND CAUSE OF ACTION

15 U.S.C. §§1692e and 1692e(2)(a) and 1692e(10)

38. Plaintiff repeats and realleges and incorporates by reference to each of the foregoing paragraphs of this complaint.

39. Defendants violated 15 U.S.C. §§1692e and 1692e(10) by using false, deceptive and/or misleading representations or means in connection with the collection of the alleged indebtedness of Kenneth Rice. They accomplished these bad acts in several different ways.

40. Defendants knew that Plaintiff Lynne Rice had nothing to do with the passing of the dishonored checks. She was not even present in Reno at the time the checks were passed.  Yet, the Defendants secured a judgment by falsely claiming that Peppermill agreed to sell or provide Plaintiff Lynne Rice with cash for the four dishonored checks and that she had passed the four checks.  These statements were false, a fact known to the Defendants.

41. Defendants subsequently attested under oath that Lynne Rice "received cash, its equivalent and/or goods for the aggregate amount of $39,000 from Peppermill, in exchange for four (4) checks made, executed and delivered to

1  Peppermill on or about between June 26, 2005 and September 7, 2005."

2  42. It was based upon this fraudulent representation that the defendants were able to secure a judgment against Lynne Rice, as well as against Kenneth Rice in 2007. Using this fraudulently secured judgment, defendants renewed the judgment in December 2015. By doing so, defendants converted $44,058.76 of alleged interest into principal. This raised the amount of the alleged judgment as principal from $54,459 to $98,547.

43. Upon securing these inflated amounts, defendants sought to enforce and collect on this fraudulent judgment. They did this by propounding abusive discovery and requests during 2016, as discussed supra, against Lynne Rice. They demanded among other things that the Plaintiff travel to the El Dorado County Law Library (even though the lawsuit had been brought in Santa Clara County). The demanded that she produce her tax returns (privileged under law). They misled the Plaintiff as to the obligations created by the document production requests (concealing that a written response was required within 30 days). They directly communicated with the Plaintiff when she was represented by counsel, a fact known to the defendants.

## THIRD CAUSE OF ACTION

15 U.S.C. § 1692f

44. Plaintiff repeats and realleges and incorporates by reference to each of the foregoing of this complaint.

45. Defendants violated the FDCPA by using "unfair or unconscionable means to collect … any debt," (15 U.S.C. § 1692f) or, "any false, deceptive, or misleading … means in connection with the collection of any debt," (15 U.S.C. §1692e).

46. Defendants knew that Plaintiff Lynne Rice had nothing to do with the passing of the dishonored checks. She was not even present in Reno at the time the checks were passed. Yet, the Defendants secured a judgment by falsely claiming that Peppermill agreed to sell or provide Plaintiff Lynne Rice with cash for the four dishonored checks and that she had passed the four checks. These statements were

false, a fact known to the Defendants.

47. Defendants subsequently attested under oath in 2007 that Lynne Rice "received cash, its equivalent and/or goods for the aggregate amount of $39,000 from Peppermill, in exchange for four (4) checks made, executed and delivered to Peppermill on or about between June 26, 2005 and September 7, 2005."

48. It was based upon this fraudulent representation that the defendants were able to secure a judgment against Lynne Rice, as well as against Kenneth Rice in 2007. Using this fraudulently secured judgment, defendants renewed the judgment in December 2015. By doing so, defendants converted $44,058.76 of alleged interest into principal. This raised the amount of the alleged judgment as principal from $54,459 to $98,547.

49. Upon securing these inflated amounts, defendants sought to collect on this judgment by propounding abusive discovery and requests during 2016, as discussed supra, against Lynne Rice. They demanded among other things that the Plaintiff travel to the El Dorado County Law Library (even though the lawsuit had been brought in Santa Clara County). They demanded that she produce her tax returns (privileged under law). They misled the Plaintiff as to the obligations created by the document production requests (concealing that a written response was required within 30 days). They directly communicated with the Plaintiff when she was represented by counsel.

**CLAIM FOR RELIEF**

50. As a result of the foregoing violations of the FDCPA, defendants are liable to the Plaintiff Lynne Rice for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

///

///

**PRAYER**

WHEREFORE, Plaintiff Lynne Rice Rice respectfully requests that judgment be entered against Defendants Legal Solutions Corporation and R. John Youngs for the following:

    A. Declaratory judgment that defendants' conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages pursuant to 15 U.S.C. §1692k;

    D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k

    E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Thomas Spielbauer*

Thomas Spielbauer, Esq.
Attorney for Plaintiff